Cowin, J.
This action arises out of Choate, Hall & Stewart’s (“Choate’s”) representation of its client, Write Now, Inc. (“Write Now”), in contract negotiations with plaintiff Kirkland Construction Company (“Kirkland”). Kirkland alleges negligent misrepresentation, violation of G.L.c. 93A, and negligent supervision against Kurt A. James (“James”), the Choate associate who represented Write Now during the negotiations; against Roslyn G. Daum (“Daum”), James’s supervising partner; and against the other partners at Choate. The defendants have moved to dismiss pursuant to Mass.R.Civ.P. 12(b)(6) on the basis that they owed no duty to Kirkland and that as a matter of law their conduct does not constitute an unfair or deceptive act under c. 93A. For the following reasons, defendants’ motion to dismiss is allowed.
BACKGROUND
In early 1990, Kirkland and Write Now began negotiating a contract pursuant to which Kirkland was to convert commercial space within a building into a retail office supply store for use by Write Now. James and Daum were the Choate attorneys primarily responsible for advising Write Now in regard to these negotiations. During the course of the contract negotiations, James faxed a letter to Kirkland regarding the financial arrangements being made by Write Now to perform its obligations under the contract. The full text of the letter reads as follows;
You have requested that the Owner[1] provide reasonable evidence that the Owner has made financial arrangements to fulfill its obligations under the above construction contract. In regard thereto, please find a copy of a Secured Term Note to the Boston Trade Bank in the amount of $250,000. This amount was borrowed for the purpose of financing the construction of the tenant improvements at the above premises and is available for payment of the initial contract sum pursuant to the terms of the above contract.
In addition, as you are aware, the Owner’s lease provides that the landlord is obligated to loan Owner up to $175,000.00 and to contribute to the Owner up to $269,000.00 for the purpose of paying for certain tenant improvements at the above property. The landlord has agreed to disburse funds due under the above contract payable jointly to the Owner and the Contractor.
*619 As we discussed, the Owner agrees not to draw funds from the above sources for payment of obligations other than those arising under the construction contract unless there remains sufficient funds from the above sources (or from other sources disclosed to Contractor) to make the remaining balance of payments then due under the construction contract.
If you have any questions relative to the above or have need of any additional documentation in this regard, please do not hesitate to contact me.
Kirkland and Write Now entered into the contract, pursuant to which Kirkland constructed the store for Write Now. Kirkland now claims it is owed $157,733 under that contract. Kirkland seeks to recover that sum from the defendants because of allegedly false representations negligently made in the letter from James to Kirkland.[2]
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.RCiv.P. 12(b)(6), the court must take the allegations of the complaint, as well as any inference which can be drawn from those allegations in the plaintiffs favor, as true. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. The “complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Charbonnier v. Amico, 367 Mass. 146, 152 (1975); Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979). A complaint is not subject to dismissal if it could support relief under any theory of law. Whitinsville Plaza, supra at 89.
Attorneys in Massachusetts generally owe no duty to non-clients. Page v. Frazier, 388 Mass. 55, 63-66 (1983). There is a narrow exception to the rule, however, “where the defendant knew that the plaintiff would rely on his services.” Robertson v. Gaston Snow & Ely Bartlett, 404 Mass. 515, 524 (1989); Page, supra at 64. The essence of Kirkland’s complaint is that its claim against the defendants comes within the narrow exception because the defendants had a duty to Kirkland and because they violated this duty by making negligent misrepresentations in the letter.[3]
Accepting the allegations of the present case as true and drawing all inferences therefrom favorable to the plaintiff, nevertheless, it is clear that Choate was simply representing its own client in communicating that client’s position to Kirkland. No obligation to a non-client such as Kirkland arises from such action other than the duty to refrain from relaying information that the lawyer knows or should know is untrue or misleading, as well as the duty otherwise to conform to the requirements of Supreme Judicial Court Rule 3:07, DR 7-102 and other applicable rules. There is no allegation that Choate’s action was of a type prohibited by said rules.
Further, an attorney is not the insurer of representations such as these. Attorneys are not required to conduct independent investigations of the information provided by their clients for transmittal to third parties. “Regardless of what plaintiffis] wish the law required of lawyers, lawyers do not vouch for the probity of their clients when they draft documents reflecting their clients’ promises, statements, or warranties.” Schatz v. Rosenberg, 943 F.2d 485, 495 (4th Cir. 1991), cert. denied. 112 S.Ct. 1475 (1992) flaw firm drafted agreement and closing documents that contained misrepresentations by its client; law firm not held liable for drafting general statements not specifically attributed to it).
Accordingly, Choate, as a matter of law, had no duty to Kirkland under the circumstances alleged. Moreover, Kirkland’s negligent misrepresentation claim fails for a further reason. The standard in Page and Robertson requires foreseeable reliance by the plaintiff. Kirkland asserts that the letter from James to Kirkland is analogous to an Opinion Letter issued by a firm and thus it was foreseeable that Kirkland would rely upon statements made within it. This is a mischaracterization. The text of the letter, quoted above, makes it clear that attorney James was merely acting as a conduit for information which he had received from his client, Write Now. James was not making assurances on behalf of Choate.
Kirkland would have been reasonable in relying on the representations of Write Now. It was not reasonable in relying on representations of Choate because Choate was not making any representations of its own. Given the natural course of business communications and the use of attorneys as conduits for such communications, it would be irrational for Kirkland to believe that Choate was making assurances and commitments based upon its own knowledge. Choate simply relayed the representations of Write Now. The defendants cannot be held accountable for any alleged misrepresentations when Choate made no representations of its own but simply relayed the position of its client. Cf. HGN Corp. v. Chamberlain, Hrdlicka, White, Johnson, 642 F.Supp. 1443 (N.D. Ill. 1986) (firm held liable for misrepresentations made directly to a non-client where the primary purpose of the attorney-client relationship was to benefit or influence the non-client).
The present situation is to be distinguished from one in which an Opinion Letter is written by attorneys to convey the legal opinion or legal advice of an attorney for the benefit of third parties. A third-party legal opinion is an expression of professional judgment on the legal issues addressed. See Third Party Legal Opinion Report, including the Legal Opinion Accord, of Section of Business Law, American Bar Association, 47 Bus. Law. 167, 171 (1991). No statements here were made regarding any legal issues. The Choate defendants owed no duty to Kirkland with respect to the letter; Choate was not making any representations of *620 its own; and Kirkland would have been unreasonable in the circumstances to assume otherwise. Thus, Kirkland’s negligent misrepresentation claim is dismissed.
Kirkland’s negligent supervision and c. 93A claims also fail. These claims are based upon the same actions which form the core of the negligent misrepresentation claim. Just as the Choate defendants owed no duty to Kirkland with respect to its negligent misrepresentation claim, they owed no duty to Kirkland with respect to its negligent supervision claim. As to c. 93A, the defendants transmitted information from their own client in the normal course under circumstances in which there could be no reasonable expectation by Kirkland that Choate was guaranteeing the accuracy of Write Now’s representation. Under these circumstances, it is obvious as a matter of law that the actions of Choate cannot be the subject of a c. 93A claim.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendants’ motion to dismiss is ALLOWED.

 The Owner is a reference to Write Now.

 Kirkland was unable to collect from Write Now and sues the defendants as an alternative.

 The alleged misrepresentations include: (1) that the $250,000 Write Now obtained in a secured loan was then available for payment; (2) that a contract between Write Now and its landlord contained a provision that the landlord would lend and contribute money to Write Now to finance improvements on the leased property with the proceeds to be disbursed jointly to Kirkland and Write Now; and (3) that Write Now agreed not to use the money from the landlord or the secured loan for purposes other than paying Kirkland, unless it had sufficient funds to pay Kirkland from other sources.